2077CV00893
B

## COMMONWEALTH OF MASSACHUSETTS

Essex, ss.                                                    Superior Court Department

| | |
|---|---|
| JON STAID,<br><br>    Plaintiff,<br><br>v.<br><br>NTIRETY, INC., KIMBERLY RIGGS, VICKI PETERSON,<br><br>    Defendants. | Civil Action No.:<br><br><br>**JURY DEMAND** |

### COMPLAINT

#### I. Introduction

1.    This action arises out of the unlawful conduct of Defendants Ntirety, Inc.,

Kimberly Riggs, and Vicki Peterson, who failed to reasonably accommodate Plaintiff Jon Staid

after he reported vision problems and requested a modified work schedule due to his medical

issues. Rather than entering into an interactive dialogue designed at reasonably accommodating

Staid's disability, completing an accurate workers' compensation form, or approving Staid's

request for intermittent leave under the Family and Medical Leave Act (FMLA), Defendants

terminated his employment. In so doing, they retaliated against Staid for exercising his rights

under state anti-discrimination laws, M.G.L. c. 151B, causing him lost income, emotional

distress, and other damages.

#### II. Parties

2.    Jon Staid is a resident of Lawrence, Massachusetts and former employee of

Ntirety, Inc.

3.    Ntirety, Inc. ("Ntirety") is a for-profit corporation located in Austin, Texas.

EXHIBIT
A

Ntirety's maintains local office, including in in Norwood, Massachusetts. Ntirety is in the business of monitoring and servicing electronic databases and servers for companies, usually from offsite locations.

4.   Kimberly Riggs is a resident of Maryland and a Human Resources Generalist for Ntirety.

5.   Vicki Peterson is a resident of Missouri and Staid's supervisor.

### III. Facts

6.   Staid began employment with Ntirety's predecessor on or about October 30, 2017.

7.   Staid was hired to work on the Ntirety service desk.

8.   Ntirety has a Massachusetts office in Norwood, which Staid visited several times for meetings.

9.   Staid works from his home responding to help tickets from customers. He has many years of prior experience working on databases and information technology.

10.   Staid was informed at the time of his hire that positive work performance could lead to a promotion to database administrator.

11.   After approximately eighteen months, Staid was promoted to junior database manager, which is the next level position prior to database administrator.

12.   Staid worked four days per week, ten hours per day, with occasional overtime.

13.   Staid regularly used three to four computer monitors to perform his duties and stared at the monitors almost every minute of his work hours.

14.   While performing his duties for Ntirety on or about May 24, 2019, Staid experienced a sudden loss of vision in his right eye which lasted for approximately thirty

minutes.

15.     Staid informed his then-supervisor, Tiffany Van Norman, about the loss of vision immediately.

16.     On or about May 29, 2019 Staid was diagnosed with ophthalmic migraines.

17.     Throughout the remainder of Staid's employment he received ongoing medical treatment for his vision. At some point during this time, Peterson became his supervisor.

18.     Staid informed his supervisors, including Peterson, about his vision problems at the time of his diagnosis and kept them informed about his vision problems throughout the remainder of his employment.

19.     Staid's vision problems are exacerbated by staring at screens at work. He informed his supervisors of this.

20.     On December 9, Staid's primary care physician diagnosed him with ocular migraines and recommended a shorter duration of work hours, minimizing screen time, and more frequent breaks.

21.     On December 12, 2019, Staid spoke to Riggs about his vision problems and informed her that he may need to go on partial workers' compensation.

22.     On or about December 17, 2019, Staid provided a doctor's note to Riggs that identified the diagnosis as ocular migraines and stated that Staid would benefit from minimizing screen time, taking more frequent breaks, and working a shorter duration of hours.

23.     Before Staid provided this doctor's note, his supervisor, Peterson, was aware that Staid was taking more frequent breaks to help manage his disability.

24.     On or around December 17, 2019, Staid received notice of a workers' compensation claim notice form that Riggs had prepared. Staid also received a partially

completed Employer's First Report of Injury or Fatality ("First Report of Injury"), which Riggs had completed, that identified the date of injury as December 12, the date of first report as December 13. The form was blank regarding whether the injury was work related.

25.     The identified dates in the First Report of Injury were wrong as Staid had first reported his injury to his supervisor on May 24, the date he first experienced the injury.

26.     Staid's workers' compensation claim was denied because, upon information and belief, Riggs did not include any information on the claim form that the injury was work-related.

*Failure to Reasonably Accommodate*

27.     Defendants' obligation to engage in an interactive dialogue designed at identifying a reasonable accommodation arose when Staid notified them of his disability in May 2019.

28.     Defendants did not offer any accommodation to Staid in May 2019 or at any point thereafter.

29.     On his own initiative, Staid more formally requested a reasonable accommodation via his December 17 doctor's note. Defendants still took no action to initiate an interactive dialogue.

30.     Defendants' failure to provide a reasonable accommodation, or even discuss a reasonable accommodation, caused Staid significant injury, including emotional distress and physical injury.

31.     In January, Staid contacted Peterson and Van Norman about the possibility of reducing his hours until his vision problem resolved.

*Discriminatory Termination*

32.     On January 9, 2020, Staid contacted Peterson and Van Norman about the

possibility of reducing his hours until his vision problem resolved as a reasonable accommodation. Staid proposed reducing his hours for a four week trial period during which time he was scheduled to have further diagnostic appointments. He suggested working in the mornings and having replacement coverage during the afternoons for his hours.

33. On January 10 and 12, 2020, Staid obtained certifications from physicians that he had a serious health condition necessitating intermittent leave under the FMLA.

34. On January 13, 2020, Staid submitted his completed Certification of Health Care Provider for Employee's Serious Health Condition for intermittent leave under the FMLA to Natasha Gordon, a human resources generalist for Ntirety.

35. That same day, Ntirety announced a round of layoffs across the company. Staid was not included in the announced layoffs.

36. On January 17, 2020, Staid was terminated from his employment based on purported restructuring and elimination of his position.

37. The stated reason given by Ntirety is a pretext, whereas the actual reason is Ntirety refusal to accommodate Staid's disability, their discriminatory animus against him due to his disability, and/ or their retaliation against him for requesting reasonable accommodation, requesting FMLA leave, and/or requesting workers' compensation benefits. Defendants' actions caused Staid lost wages, lost benefits and other renumeration, lost career advancement, and emotional distress, among other damages.

*Administrative Exhaustion*

38. Staid filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") alleging disability discrimination, failure to accommodate, and retaliation on or about February 10, 2020. Pursuant to M.G.L. c. 151B, § 9, he has

withdrawn that charge after ninety days to pursue this civil action.

## COUNT I
### Disability Discrimination

The actions as set forth above constitute disability discrimination under M.G.L. c. 151B, § 4(16) by Ntirety only, interference with rights against disability discrimination under § 4(4A) by Riggs and Peterson, causing damages.

## COUNT II
### Retaliation

The actions as set forth above constitute retaliation under M.G.L. c. 151B, § 4(4) by all Defendants, causing damages.

## COUNT III
### Failure to Accommodate

The actions as set forth above constitute failure to accommodate under M.G.L. c. 151B, § 4(16) by Ntirety only, interference with rights against disability discrimination under § 4(4A) by Riggs and Peterson, causing damages.

## COUNT IV
### Workers' Compensation Retaliation

The actions as set forth above constitute interference with rights protected under M.G.L. c. 152, § 75B(2) by Ntirety only, causing damages.

WHEREFORE, Plaintiff prays this Court:

1. ORDER the Defendants to pay the Plaintiff compensatory damages for lost wages, front pay, and emotional distress;

2. ORDER the Defendants to pay punitive damages and Plaintiff's attorneys' fees and costs as allowed by law; and

3. Any further relief as is just and necessary.

Respectfully submitted,
JON STAID,
By his attorneys,

Joseph L. Sulman, BBO #663635
Andrea L. Haas, BBO, #671844
Law Office of Joseph L. Sulman
391 Totten Pond Road, Suite 402
Waltham, MA 02451
(617) 521-8600
jsulman@sulmanlaw.com
ahaas@sulmanlaw.com

Dated: August 31, 2020

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2077CV00893
B

Jon Staid ......................................................., Plaintiff(s)

v.

Vicki Peterson ......................................................., Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

To the above named Defendant:

You are hereby summoned and required to serve upon *Law Office of Joseph Sulman* ,

plaintiff's attorney, whose address is 391 Totten Pond Rd, Suite 402, Waltham MA, 02451 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

145 High St, Newbury Port, MA 01950, either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may
have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's
claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of                                  , in the year of our Lord two thousand

*Thomas W.A. Driscoll Jr.*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each
   defendant, each should be addressed to the particular defendant.

EXHIBIT
B

## PROOF OF SERVICE OF PROCESS

   I hereby certify and return that on _____ 10/6/20 _____, 20 ___ , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5)):

by providing a copy of this summons, the complaint, and
the Civil Action cover sheet to Brooke Bahlinger, Esq,
an attorney authorized to accept service.

Dated: to Oct 6 , 20 20                          Andrea Haas

N.B.   TO PROCESS SERVER:-
       PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
       THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

|  |
|---|
| , 20 . |



COMMONWEALTH OF
MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION
No.

ESSEX, ss.

Plaintiff(s)

v.

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 2017CV00893
B

Jon Staid

............................................................................, Plaintiff(s)

*v.*

Kimberly Riggs, et al

............................................................................, Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

To the above named Defendant:

You are hereby summoned and required to serve upon Law Office of Joseph Sulman,

plaintiff's attorney, whose address is 391 Totten Pond Rd, Suite 402, Waltham MA 02451 an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

145 High St, Newburyport MA 01950 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of                                    , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _10/6/20_, 20 ___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

*by providing a copy of this summons, the complaint, and the Civil action cover sheet to Brooke Ballinger, Esq, an attorney authorized to accept service.*

Dated: _Oct 6_, 20 _20_.                              *Andrea Haas*

N.B.    TO PROCESS SERVER:-
        PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
        THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

```
                                            , 20    .
```

COMMONWEALTH OF
MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

Plaintiff(s)

v.

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 20 77 CV 00893
B

_____ Jon Staid _____ , Plaintiff(s)

*v.*

_____ Ntirety, et al. _____ , Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon Joseph Sulman, Law Office of Joseph Sulman

plaintiff's attorney, whose address is 391 Totten Pond Rd, Suite 402, Waltham MA 02451 an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

145 High St, Newburyport, MA 01950 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of                              , in the year of our Lord two thousand

Thomas H. Driscoll Jr.
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

    I hereby certify and return that on _____10/6/20_____, 20___ , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

_by providing a copy of this summons, the complaint,_
_the Civil action cover sheet to Brooke Ballinger, Esq, an_
_attorney authorized to accept service_

Dated: _Oct 6_ , 20 _20_ .             _Andrea Haas_

N.B.    TO PROCESS SERVER:-
            PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
            THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

                                                                       , 20  .

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

Plaintiff(s)

v.

Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

Essex, ss.                                                    Superior Court Department

| | |
|---|---|
| JON STAID,<br><br>        Plaintiff,<br><br>v.<br><br>NTIRETY, INC., KIMBERLY RIGGS,<br>VICKI PETERSON,<br><br>        Defendants. | Civil Action No.: 2077 CV 00893-B<br><br><br>**JURY DEMAND** |

### AFFIDAVIT OF RECEIPT OF SERVICE

I, Brooke C. Bahlinger, hereby affirm that I am authorized to accept, and hereby accept,

service of process on behalf of Ntirety, Inc, Kimberly Riggs, and Vicki Peterson. This

acceptance of service does not waive any other defenses to the claims in this action except as to

service of process on the named Defendants.


Sworn on this ___16th___ day of October, 2020

_____
Brooke C. Bahlinger, Esq.

On behalf of Ntirety, Inc, Kimberly Riggs, and Vicki Peterson

**EXHIBIT**

**C**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JON STAID,<br><br>    Plaintiff,<br><br>v.<br><br>NTIRETY, INC., KIMBERLY RIGGS,<br>VICKI PETERSON.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.   20-11918 |

## DECLARATION OF KIMBERLY RIGGS

I, Kimberly Riggs, depose and state as follows:

1.      I am the Human Resources Generalist for Defendant Ntirety, Inc. I make this Declaration of my own personal knowledge.

2.      I submit this Declaration in support of Defendants' Notice of Removal of Action pursuant to 28 U.S.C. § 1332(d).

3.      Based on my review of Plaintiff's employment records, at the time of separation, Plaintiff was earning a wage of $18.00 per hour and worked approximately 40 hours a week, plus overtime as required.

4.      Plaintiff's 2019 YTD earnings are $38,741.77.

5.      Plaintiff's employment ended on January 17, 2020.

6.      Defendant Ntirety, Inc. is incorporated in Delaware with its principal place of business located in Texas.

7.      Ntirety, Inc. no longer maintains a local office in Massachusetts.

8.      My state of residence is Maryland.

9.      Vicki Peterson's state of residence is Missouri.

Signed under the penalties of perjury this 23rd day of October, 2020.

_Kimberly Riggs_

Kimberly Riggs

2

4825-2044-9231.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served via the Court's CM/ECF filing system on October 26, 2020, on all counsel of record. Counsel of record will also be served by U.S. mail pursuant to Federal Rule of Civil Procedure 5(b)(2).

/s/ *Carrie B. Hoffman*
Carrie B. Hoffman

3